**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>STROMA MEDICAL CORPORATION.,<br><br>Debtor.<sup>1</sup> | Chapter 11<br>Subchapter V<br><br>Case No. 25-12169 (JKS) |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION WAGES, BENEFITS, AND OTHER COMPENSATION OBLIGATIONS, (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL OBLIGATIONS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")² of the above captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (the "Interim Order") and a final order (the "Final Order") pursuant to sections 105(a), 363, 507, and 541 of the Bankruptcy Code, Bankruptcy Rules 6003(b) and 6004, and Local Rule 9013-1(m): (i) authorizing the Debtor to pay and honor certain prepetition wages, benefits, and other compensation obligations; (ii) authorizing and directing banks and financial institutions to receive, process, honor, and pay checks presented for payment and electronic payment requests relating to prepetition employee wages and benefits; and (iii) granting related relief, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided under the circumstances; and it appearing that the relief requested by the Motion is in the best interests of

---

¹ The Debtor in this Subchapter V Case, along with the last four digits of its federal tax identification number is as follows: Stroma Medical Corporation (8755). The Debtor's mailing address is 30 Hughes, Suite 206, Irvine, California 92618.

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an final basis as set forth herein.

2. The Debtor is authorized, but not directed, in a reasonable exercise of its business judgment, to: (i) pay or otherwise honor the Employee Obligations; (ii) honor and continue the Employee Programs that were in effect as of the Petition Date in the ordinary course of business; and (iii) make all Withholding Obligation payments relating to the Employee Obligations as required by law; provided, however, that the aggregate of cash payments provided for in this paragraph shall not exceed $17,150 per individual employee (or temporary worker) as provided in section 507(a)(4)–(5) of the Bankruptcy Code. For the avoidance of doubt, this authority is inclusive of any prepetition amounts that may become payable under this Final Order to third-party service providers that administer, insure, or otherwise facilitate the Employee Obligations.

3. The Debtor is authorized, but not directed, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed to, or payable on account of, its employees.

4. All banks and other financial institutions are hereby directed to receive, process, honor, and pay any and all checks presented for payment and electronic transfer requests made by the Debtor related to the payment of the obligations described in the Motion and authorized to be paid, whether such checks were presented or such electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date. All such banks and financial

institutions are further directed to rely on the Debtor's designation of any particular check or electronic payment request as authorized to be paid pursuant to this Final Order.

5. Subject to the requirements of this Final Order, the Debtor is authorized, but not directed, to modify, change, and/or discontinue any of the Employee Obligations and Employee Programs and to implement new Employee Obligations and Employee Programs in the ordinary course of business during the pendency of this Chapter 11 Case in its reasonable discretion without the need for further Court approval; provided, however, the Debtor will provide at least fourteen (14) days' notice to the Subchapter V Trustee, the United States Trustee, and any official committee before terminating or reducing any of the Employee Obligations and/or Employee Programs. For the avoidance of doubt, the notice provision in the prior sentence does not affect or modify the Debtor's obligation(s), if any, under applicable law to provide notice to its employees.

6. The Debtor is authorized, but not directed, to pay all postpetition costs and expenses incidental to payment of the obligations authorized to be paid under this Final Order, including all administrative and processing costs to outside professionals in the Motion in the ordinary course of business, such as the Payroll Processing Expense.

7. Notwithstanding the foregoing, nothing in this Final Order authorizes or approves any payments or transfers subject to section 503(c) of the Bankruptcy Code. Further, nothing in this Final Order shall be deemed to violate or permit a violation of section 503(c) of the Bankruptcy Code.

8. Nothing in the Motion or in this Final Order is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtor, (b) a waiver of the Debtor's rights to dispute any claim, including the validity or priority thereof, or (c) an approval or assumption of any agreement, contract, or lease whether under section 365(a) of the Bankruptcy

Code or otherwise. Likewise, any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

9. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Final Order.

10. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

11. This Court shall retain jurisdiction with respect to all matters related to the interpretation of this Final Order.